**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

FILED-ED4
2004 DEC 23 PM 1:18
CLERK
U.S. DISTRICT COURT

**DOCKETED**
DEC 27 2004

JUDGE JOAN H. LEFKOW

MORAHIMA GALVAN and ESTELA NUNEZ,

Plaintiffs,

v.

BACHRACH and NICHOLAS BLACK, in his individual capacity,

Defendants.

Case No. 04C 8274

MAGISTRATE JUDGE DENLOW

Plaintiff Demands Trial By Jury

## COMPLAINT

Plaintiffs MORAHIMA GALVAN and ESTELA NUNEZ, through their counsel, KURTZ LAW OFFICES, LLC, seeks redress against Defendants BACHRACH and NICHOLAS BLACK, in his individual capacity, for violations of Title VII for gender discrimination, sexual harassment, and for creating a hostile work environment, assault and battery, and intentional infliction of emotional distress, and states as follows:

## Introduction

1. Plaintiffs seek redress for sexual harassment and gender discrimination by Defendant BACHRACH in violation of their rights as secured under Title VII, 42 U.S.C. § 2000, et seq. (Count I); for retaliation by Defendants in violation of their rights as secured under Title VII, 42 U.S.C. § 2000, et seq. (Count II); for assault and battery in violation of Illinois law (Count III); and for intentional infliction of emotional distress in violation of Illinois law (Count IV). Plaintiffs seek declaratory and injunctive relief as well as damages for their injuries.



1-1

2. Defendants' actions reflect a systematic policy and practice of discrimination and constitute a continuing violation.

**Jurisdiction**

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and § 1343. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c) because Plaintiffs and Defendants either reside in this district or have their principal place of business in this district, and all events giving rise to Plaintiffs' claims occurred within this district.

5. Plaintiffs GALVAN and NUNEZ filed a charge of discrimination and retaliation with the Equal Employment Opportunity Commission on or about October 2, 2003.

6. On or about June 18, 2004, the EEOC found reasonable cause to believe that the evidence obtained in the investigation established reasonable cause to believe that Defendant BACHRACH discriminated against females as a class, including Plaintiffs NUNEZ and GALVAN, by subjecting them to sexual harassment in violation of Title VII.

7. On or about June 18, 2004, the EEOC found reasonable cause to believe that the evidence obtained in the investigation established reasonable cause to believe that Defendant BACHRACH retaliated against females as a class, including Plaintiffs NUNEZ and GALVAN, in that after they complained of the sexual harassment, they were harassed and constructively discharged, in violation of Title VII.

8. Plaintiffs have filed this Complaint within 90 days of Plaintiffs' receipt of their notice of right to sue with respect to the above charges.

**Parties**

9. Plaintiffs NUNEZ and GALVAN are residents of Cook County, Illinois.

10. Defendant BACHRACH is an employer in an industry affecting commerce and employers more than fifteen (15) employees.

11. At all relevant times, Defendant BACHRACH employed Defendant NICHOLAS BLACK. At all relevant times, Defendant BLACK was the Plaintiffs' supervisor.

12. Defendant BLACK is sued in his individual capacity with respect to Counts III and IV.

**Facts Upon Which the Plaintiffs' Claims are Based**

13. Plaintiff GALVAN was employed by Defendant BACHRACH from on or about February 1998 through on or about January 12, 2004, when she was forced to take medical leave as a result of Defendants' conduct and ultimately constructively discharged.

14. Plaintiff NUNEZ was employed by Defendant BACHRACH from on or about October 2001 through July 8, 2003, when she was constructively discharged as a result of Defendants' conduct.

15. On a continuing and ongoing basis since in or about 2002 through July 2003, Defendants subjected Plaintiff GALVAN to pervasive verbal and physical sexual advances, suggestive sexual comments and degrading and derogatory remarks, which were unwelcome and offensive, by Defendants because of her gender.

16. Defendant BLACK directly engaged in and participated in the sexual harassment of Plaintiffs NUNEZ and GALVAN and other women, including but not limited to the following:

a. Committing assault and battery on Plaintiffs and other women;

b. Repeatedly asking Plaintiffs to go out on dates with him;

c. Asking Plaintiffs to become romantically involved with him;

d. Masturbating in the presence of Plaintiff GALVAN;

e. Asking and insisting that Plaintiff NUNEZ "give [him] a kiss;"

f. Asking Plaintiff NUNEZ to let him masturbate to her;

g. Making Plaintiff NUNEZ work behind the cash register area then going into a closet that is behind the cash register area and masturbating in the closet;

h. Grabbing Plaintiff NUNEZ'S hand and forcing her to touch him;

i. Stating to Plaintiff NUNEZ: "You look f_cking fine today;"

j. Making Plaintiffs NUNEZ and GALVAN feel as though they were to blame for his inappropriate conduct; and

k. Making sexual and offensive comments about other female employees such as: "I have had enough fun with you, you can leave," "You are done amusing me," among other things.

17. The sexual harassment by Defendant BLACK was repeated and was designed to compel Plaintiffs to submit to his sexual advances, thus rendering Plaintiffs' submission to the sexual advances of Defendant BLACK a term or condition of employment.

18. Following the commencement by Defendant BLACK of the numerous acts of sexual harassment, assault and battery, Plaintiffs GALVAN and NUNEZ complained to Defendants' upper management.

19. Despite the complaints made by Plaintiffs and other women, Defendant BACHRACH initially failed and refused to take any effective remedial action to stop the harassment. Defendant BACHRACH then retaliated against Plaintiffs and threatened Plaintiff GALVAN and told her she could be fired in response to their complaints.

20. The conduct of Defendant BLACK, constituting sexual harassment, abuse, and discrimination, was further ratified and condoned by Defendant BACHRACH in that Defendant BLACK sexually harassed other female employees of the defendant and compelled their submission to sexual intimacies and activities and other acts of sexual harassment.

21. Plaintiffs were forced to terminate employment rather than submit to the continual sexual harassment and advances and be further subjected to retaliation by Defendant BACHRACH.

22. Defendant BACHRACH knew or should have known that Defendant BLACK engaged in and was engaging in sexual harassment and discrimination against female employees.

23. Defendants created and perpetuated a hostile work environment, turned a blind eye to the sexual harassment and Plaintiffs' complaints, and condoned and committed retaliation against Plaintiffs.

## COUNT I

### (Title VII – Gender Discrimination and Sexual Harassment)

24. As against Defendant BACHRACH, Plaintiffs restate and reallege by reference paragraphs 1 through 23 above as though fully set forth herein.

25. The actions of Defendant BACHRACH as perpetrated by its agents and as described and complained of above, are unlawful employment practices in that they likely have the effect of discriminating against, depriving and tending to deprive equal employment to, and otherwise adversely affecting Plaintiffs because of their sex, in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §§ 2000(e), et seq.

26. Defendant has engaged in a policy, pattern, and practice of sexual harassment of women and discrimination based on gender.

27. Defendant BACHRACH intentionally subjected Plaintiffs NUNEZ and GALVAN to unequal and discriminatory treatment by creating a hostile and abusive work environment that altered the conditions of Plaintiffs' employment and by knowingly failing and refusing to protect Plaintiffs from those hostile and abusive conditions.

28. Defendant BACHRACH intentionally discriminated against Plaintiffs based on their gender and denied them equal opportunities by subjecting them to a hostile work environment and harassment.

29. The actions of Defendant BACHRACH in intentionally engaging in and condoning sexual harassment and gender discrimination against Plaintiffs has caused Plaintiffs great mental anguish, humiliation, degradation, physical and emotional pain

and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

**WHEREFORE**, Plaintiffs respectfully request:

A. All wages and benefits Plaintiffs would have received but for the discrimination, including but not limited to back pay, front pay, future pecuniary losses, and pre-judgment interest;

B. Compensatory damages in an amount to be determined at trial;

C. A permanent injunction enjoining Defendant from engaging in the discriminatory practices complained of herein;

D. A permanent injunction requiring Defendant adopt employment practices and policies in accord and conformity with the requirements of Title VII, 42 U.S.C. § 2000e et seq.;

E. The Court retain jurisdiction of this case until such time as it is assured that Defendant has remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

F. Punitive damages as allowed by law;

G. An award of reasonable attorneys' fees, costs, and litigation expenses; and

H. Such other relief as the Court may deem just or equitable.

## COUNT II

### (Title VII – Retaliation)

30. As against Defendant BACHRACH, Plaintiffs restate and reallege by reference paragraphs 1 through 23 above as though fully set forth herein.

31. Plaintiffs NUNEZ and GALVAN were subjected to retaliatory treatment in retaliation for their complaints, including but not limited to: being subjected to harassment and a hostile work environment, treated differently in the terms and

conditions of their employment, and being constructively discharged.

32. Defendant has engaged in a policy, pattern, and practice of retaliating and condoning retaliation against employees who complain of sexual harassment and discrimination.

33. By engaging and condoning retaliatory conduct, Defendant discriminated against Plaintiff in violation of 42 U.S.C. § 2000e-3, as amended.

34. The actions of Defendant in intentionally engaging in and condoning discrimination and retaliation against Plaintiffs has caused them great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages, and constructive discharge.

**WHEREFORE**, Plaintiffs respectfully request:

A. All wages and benefits Plaintiffs would have received but for the discrimination, including but not limited to back pay, front pay, future pecuniary losses, and pre-judgment interest;

B. Compensatory damages in an amount to be determined at trial;

C. A permanent injunction enjoining the Defendant from engaging in the discriminatory practices complained of herein;

D. A permanent injunction requiring the Defendant adopt employment practices and policies in accord and conformity with the requirements of Title VII, 42 U.S.C. § 2000e et seq.;

E. The Court retain jurisdiction of this case until such time as it is assured that Defendant has remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

F. Punitive damages as allowed by law;

G. An award of reasonable attorneys fees, costs, and litigation expenses; and

H. Such other relief as the Court may deem just or equitable.

## COUNT III

**(Assault and Battery)**

35. As against Defendants, Plaintiff restates and realleges by reference paragraphs 1 through 23 above as though fully set forth herein.

36. Defendant BLACK without cause or provocation assaulted and battered Plaintiffs by engaging in and among the conduct set for in paragraphs 1-23, *supra*.

37. Defendant BLACK'S conduct caused Plaintiffs NUNEZ and GALVAN to be placed in well-founded fear of their safety and well-being.

38. Defendant BLACK intentionally and unlawfully threatened and caused Plaintiffs injury by force, which under the circumstances created in Plaintiffs a well-founded fear of imminent peril.

39. Defendant BLACK had the apparent present ability to effectuate and complete the injury so offered and threatened.

40. Defendant BLACK'S touching and assault and battery of Plaintiffs described in Paragraph 16, *supra*, were performed without Plaintiffs NUNEZ's or GALVAN's consent and against their will, and resulted in harmful and/or offensive contact to Plaintiffs NUNEZ and GALVAN.

41. At all relevant times to this action, Defendant BLACK knew or reasonably should have known that his conduct was harmful and/or offensive to Plaintiffs NUNEZ and GALVAN.

42. Defendant BLACK'S actions as alleged in Paragraph 16, *supra*, were willful and intentional and were taken with wanton disregard of Plaintiffs NUNEZ'S and GALVAN'S well-being.

43. The actions of Defendant in intentionally engaging in and condoning discrimination and retaliation against Plaintiffs has caused them great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages, and constructive discharge.

**WHEREFORE**, Plaintiffs respectfully request:

A. Compensatory damages;

B. Punitive damages as allowed by law;

C. An award of reasonable attorneys' fees, costs, and litigation expenses; and

D. Such other relief as the Court may deem just or equitable.

**COUNT IV**

**(Intentional Infliction of Emotional Distress)**

44. As against all Defendants, Plaintiffs restate and reallege by reference paragraphs 1 through 23 above as though fully set forth herein.

45. The intentional acts of Defendants constitute extreme and outrageous conduct, beyond the bounds of decency, which inflicted severe emotional distress and mental anguish on Plaintiffs NUNEZ and GALVAN.

46. As a proximate result of Defendants' unlawful acts, Plaintiffs have suffered severe mental anxiety and emotional and physical distress.

47. Defendants acted willfully and maliciously with respect to their treatment of Plaintiffs.

**WHEREFORE**, Plaintiffs respectfully request:

A. Economic losses Plaintiffs sustained and will sustain as a result of the intentional infliction of emotional distress, including prejudgment interest on such amounts;

B. Compensatory damages;

C. Punitive damages as allowed by law;

D. An award of reasonable attorneys' fees, costs, and litigation expenses; and

E. Such other relief as the Court may deem just or equitable.

Respectfully submitted,

Attorney for Plaintiffs MORAHIMA GALVAN and ESTELA NUNEZ

Dana L. Kurtz, Esq.
KURTZ LAW OFFICES, LLC
414 South State Street
Lockport, Illinois 60441
Phone: 815.838.0968
Facsimile: 312.893.2239
E-mail: dkurtz@kurtzlaw.us

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

DOCKETED

DEC 27 2004

# Civil Cover Sheet

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

**Plaintiff(s): MORAHIMA GALVAN and ESTELA NUNEZ**

County of Residence:

Plaintiff's Atty: Dana L. Kurtz
Kurtz Law Offices, LLC
414 South State Street,
Lockport, IL 60441
815.838.0968

**Defendant(s):BACHRACH and NICHOLAS BLACK, in his individual capacity**

County of Residence:

Defendant's Atty:

JUDGE JOAN H. LEFKOW

04C 8274

II. Basis of Jurisdiction: **3. Federal Question (U.S. not a party)**

MAGISTRATE JUDGE DENLOW

III. Citizenship of Principal Parties **(Diversity Cases Only)**

Plaintiff:- **N/A**
Defendant:- **N/A**

IV. Origin : **1. Original Proceeding**

V. Nature of Suit: **442 Employment**

VI.Cause of Action: **Title VII**

VII. Requested in Complaint

Class Action: **No**
Dollar Demand:
Jury Demand: **Yes**

VIII. This case **IS NOT** a refiling of a previously dismissed case.

FILED-ED4
2004 DEC 23 PM 1:18
CLERK
U.S. DISTRICT COURT

**Signature:** [signature]

**Date:** 12-23-04

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, print this form, sign and date it and submit it with your new civil action. **Note: You may need to adjust the font size**

1-2

DOCKETED
DEC 2 7 2004

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

In the Matter of **GALVAN and NUNEZ v. BACHRACH and NICHOLAS BLACK**

JUDGE JOAN H. LEFKOW

Case Number: 04C 8274

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

MAGISTRATE JUDGE DENLOW

**PLAINTIFFS GALVAN AND NUNEZ**

| (A) | | (B) | |
|---|---|---|---|
| SIGNATURE | [signature] | SIGNATURE | |
| NAME | DANA L. KURTZ | NAME | |
| FIRM | KURTZ LAW OFFICES, LLC | FIRM | |
| STREET ADDRESS | 414 SOUTH STATE STREET | STREET ADDRESS | |
| CITY/STATE/ZIP | LOCKPORT, ILLINOIS 60441 | CITY/STATE/ZIP | |
| TELEPHONE NUMBER | (815) 838-0968 / Fax: (312) 893-2239 | TELEPHONE NUMBER | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | 6256245 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | |
| MEMBER OF TRIAL BAR? | YES X NO | MEMBER OF TRIAL BAR? | YES NO |
| TRIAL ATTORNEY? | YES X NO | TRIAL ATTORNEY? | YES NO |
| E-mail: dkurtz@kurtzlaw.us | | DESIGNATED AS LOCAL COUNSEL? | YES NO |

| (C) | | (D) | |
|---|---|---|---|
| SIGNATURE | | SIGNATURE | |
| NAME | | NAME | |
| FIRM | | FIRM | |
| STREET ADDRESS | | STREET ADDRESS | |
| CITY/STATE/ZIP | | CITY/STATE/ZIP | |
| TELEPHONE NUMBER | | TELEPHONE NUMBER | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | |
| MEMBER OF TRIAL BAR? | YES NO | MEMBER OF TRIAL BAR? | YES NO |
| TRIAL ATTORNEY? | YES NO | TRIAL ATTORNEY? | YES NO |
| DESIGNATED AS LOCAL COUNSEL? | YES NO | DESIGNATED AS LOCAL COUNSEL? | YES NO |

FILED-EDA
2004 DEC 23 PM 1:18
CLERK
U.S. DISTRICT COURT

13