# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

MORAHIMA GALVAN and ESTELA NUNEZ,

      Plaintiffs,

v.

BACHRACH and NICHOLAS BLACK, in his individual capacity,

      Defendants.

Case No. 04 C 08274

Honorable Judge Lefkow

## PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT AGAINST DEFENDANT NICHOLAS BLACK FOR BREACHING THE SETTLEMENT AGREEMENT AND FOR ATTORNEYS' FEES

NOW COMES, Plaintiffs MORAHIMA GALVAN and ESTELA NUNEZ, by the undersigned attorney, and respectfully moves for entry of Judgment against Defendant Nicholas Black and for Plaintiffs' attorneys' fees pursuant to the Mutual Release and Settlement Agreement entered on January 15, 2007, and in support states as follows:

1. Plaintiffs Morahima Galvan and Estela Nunez ("Plaintiffs") and Defendant Nicholas Black ("Black") (collectively referred to herein as "the Parties") entered into a settlement on January 15, 2007, titled MUTUAL RELEASE AND SETTLEMENT AGREEMENT (hereinafter "Settlement Agreement"). (*See* Mutual Release and Settlement Agreement, Filed Under Seal as Exhibit 1.)[1]

---

[1] The Parties' Settlement Agreement that was entered on January 15, 2007 is filed under seal because of the "Confidentiality Provision" contained in the settlement agreement.

1

2. On January 16, 2007, this Court entered an Agreed Order of Dismissal based on the Parties' Settlement. (*See* Docket # 71, Agreed Order of Dismissal, attached hereto as Exhibit 2.)

3. The January 16, 2007 Order provides the following in relevant part:

> ¶ 1  The parties shall comply with the terms of their settlement agreement entered on January 15, 2007 entitled "Mutual Release and Settlement Agreement," the Memorandum of Understanding, and Promissory Note, the terms of which are incorporated herein by reference as if fully set forth.

> ¶ 3  By consent of the parties, the Court shall retain jurisdiction for the purpose of enforcing the terms of the settlement agreement through March 1, 2009.

> ¶ 4  This Agreed Order of Dismissal is entered without prejudice in order to allow the Court to enforce the Mutual Release and Settlement Agreement, the Memorandum of Understanding, and Promissory Note; however, Plaintiffs and Defendant Black are barred from relitigating any claims released by means of the Mutual Release and Settlement Agreement.

4. Defendant Black has failed to fulfill his obligations under the Settlement Agreement, including failing to make or even attempt to make payment due and owing as of February 15, 2007 (and continuing) pursuant to the Settlement Agreement.

5. The Settlement Agreement provides that "[i]n the event Black either defaults on any payment set forth in Paragraph 3(a), (b), (c), or (d), a confession of judgment shall be entered against him for the outstanding balance of all payments due under this Agreement." (*See* Mutual Release and Settlement Agreement, ¶ 5, Ex. 1 *filed under Seal*.)

6. The Settlement Agreement also provides that Plaintiffs are entitled to their attorneys' fees and costs in having to enforce the settlement agreement. (*See*

Mutual Release and Settlement Agreement, ¶ 15, Ex. 1 *filed under Seal* ("In the event either party is required to utilize the services of an attorney to enforce or pursue their rights under this agreement, the prevailing party in any such dispute shall be awarded their reasonable attorneys fees, cost, and expenses along with any other relief to which such party may be entitled.")

7. Because Defendant Black has breached his agreement under the Settlement Agreement, Plaintiffs are entitled to the entry of Judgment of $60,000.00, and to pursue their fees and costs in their collection efforts. Plaintiffs are also entitled to interest on the $60,000.00 after the entry of judgment by this Court.

WHEREFORE, for the above stated reasons, Plaintiffs respectfully request that this Court (a) enter a judgment against Defendant Black in the amount of $60,000.00, which will allow Plaintiffs to start collection proceedings on Defendant to collect on the amounts that are owed to them and for fees and costs and interest on that amount, and (b) grant Plaintiffs such other relief that is just and equitable.

Respectfully submitted,

MORAHIMA GALVAN and ESTELA NUNEZ

**s/Dana L. Kurtz**

*Electronically filed on April 2, 2007*

_____
Attorney for Plaintiffs

Dana L. Kurtz
KURTZ LAW OFFICES, LLC
414 South State Street
Lockport, Illinois 60441
Phone: 815.838.0968
Facsimile: 312.893.2239
E-mail: dkurtz@kurtzlaw.us